**UNITED STATES DISTRICT COURT**
District of New Jersey

CHAMBERS OF
**JOSE L. LINARES**
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

NOT FOR PUBLICATION

## LETTER-OPINION AND ORDER

May 9, 2005

| | |
|---|---|
| William J. O'Shaughnessy, Esq.<br>McCarter & English, Esqs.<br>Four Gateway Center<br>100 Mulberry Street<br>P.O. Box 652<br>Newark, NJ 07101-0652 | Todd J. Schwartz, Esq.<br>Office of Attorney General<br>R.J. Hughes Justice Complex<br>25 Market St.<br>P.O. Box 106<br>Trenton, NJ 08625-0106 |
| Elizabeth Athos, Esq.<br>Education Law Center<br>60 Park Place<br>Suite 300<br>Newark, NJ 07102 | Michael C. Walters, Esq.<br>Attorney General of New Jersey<br>25 Market St.<br>P.O. Box 112<br>Trenton, NJ 08625 |
| Stephen M. Latimer, Esq.<br>Loughlin & Latimer<br>131 Main Street<br>Suite 235<br>Hackensack, NJ 07601 | William T. Connell, Esq.<br>Dwyer, Connell & Lisbona, Esqs.<br>100 Passaic Avenue<br>P.O. Box 629<br>Fairfield, NJ 07004 |

Stephen Jay Edelstein, Esq.
Schwartz, Simon, Edelstein, Celso & Kessler, Esqs.
10 James Street
Florham Park, NJ 07932

  Re: A.W. v. The Jersey City Public Schools, et al.
     Civil Action No.: 01-CV-0140 (JLL)

Dear Counsel:

  This matter comes before the Court on the motion of Defendants the New Jersey

1

Department of Education ("NJDOE"), Barbara Gantwerk ("Gantwerk"), Director of Special Education Programs, Melinda Zangrillo ("Zangrillo"), Coordinator of Compliance, and Jeffery V. Osowski, former Director, Division of Special Education (collectively referred to as "State Defendants") appealing the July 29, 2004 Letter-Opinion and Order of the Honorable Magistrate Judge Ronald J. Hedges, U.S.M.J., denying State Defendants' motion to strike Plaintiff A.W.'s demand for a jury trial. The appeal is resolved without oral argument. Fed. R. Civ. P. 78. For the reasons stated herein, Judge Hedges' Order is AFFIRMED.

## STATEMENT OF THE CASE

A detailed factual background in this case is set forth in an earlier Opinion and Order of this Court dated April 21, 2005, and will not be repeated here, except where necessary to provide context for the resolution of the pending motion. Plaintiff commenced suit against State Defendants on January 10, 2001. Plaintiff alleged violations of the Individuals with Disabilities Act, 20 U.S.C. § 1400 ("IDEA"), Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a) ("§ 504"), the Civil Rights Act of 1871, 42 U.S.C. § 1983, the New Jersey Constitution, Art. VIII, § 4, ¶ 1, and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et seq. ("NJLAD").

Discovery in this matter is complete, and on January 29, 2004, a Final Pre-Trial Order was filed. Thereafter, State Defendants moved to strike Plaintiff's jury demand. By Letter-Opinion and Order of July 29, Magistrate Judge Hedges denied State Defendants' motion to strike. State Defendants subsequently appealed this decision to this Court.

## LEGAL STANDARD

A United States Magistrate Judge may hear and determine any [non-dispositive] pretrial

matter pending before the court pursuant to 28 U.S.C. § 636(b)(1)(A).  The district court will only reverse a magistrate judge's decision on these matters if it is "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A).  Therefore, "this Court will review a magistrate judge's findings of fact for clear error."  Lithuanian Commerce Corp., Ltd. v. Sara Lee Hosiery,  177 F.R.D. 205, 213 (D.N.J. 1997) (citing Lo Bosco v. Kure Eng'g Ltd., 891 F.Supp. 1035, 1037 (D.N.J. 1995)).  Under this standard, a finding is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  Anderson v. Bessemer City, 470 U.S. 564, 573 (1985) (citing United States v. U.S. Gypsum Co., 333 U.S. 364, 395, reh'g denied, 333 U.S. 869 (1948)).  The district court will not reverse the magistrate judge's determination, even in circumstances where the court might have decided the matter differently.  Bowen v. Parking Auth. of City of Camden, 2002 WL 1754493, *3 (D.N.J. Jul. 30, 2002).  "A district judge's simple disagreement with the magistrate judge's findings is insufficient to meet the clearly erroneous standard of review."  Andrews v. Goodyear Tire & Rubber Co., Inc., 191 F.R.D. 59, 68 (D.N.J. 2000).

  A magistrate judge's legal conclusions, however, are subject to de novo review.  Haines v. Liggett Group, Inc., 975 F.2d 81, 91 (3d Cir. 1992); Lo Bosco, 891 F.Supp. at 1037.  "A ruling is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law."  Bobian v. CSA Czech Airlines, 222 F.Supp.2d 598, 601 (D.N.J. 2002) (citing Gunter v. Ridgewood Energy Corp., 32 F.Supp.2d 162, 164 (D.N.J. 1998)).  In light of this framework, the Court turns to State Defendants' appeal of Magistrate Judge Hedges' July 29 decision.

**LEGAL DISCUSSION**

A.   **Jury Demand**

State Defendants contend that Magistrate Judge Hedges' July 29 Order, wherein he ruled that Plaintiff is entitled to a jury trail, should be reversed as his ruling was contrary to law.  The Seventh Amendment provides that, "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of a trial by jury shall be preserved."  U.S. Const. amend. VII.  The Supreme Court has interpreted "suits at common law" to mean cases involving legal rights; no right to a jury trial attaches to equitable claims.  Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 41 (1989).  In determining whether the right to a jury trial exists, a court must first analyze the nature of the claim.  Beard v. Braunstein, 914 F.2d 434, 437 (1990).  Here, Plaintiff seeks compensatory damages under the IDEA and § 504.

Magistrate Judge Hedges determined that Plaintiff is entitled to a jury trial as legal damages are available under both claims.  This Court's ruling in its April 21, 2005 Opinion concerning State Defendants' motion for summary judgment is determinative of this issue.  This Court specifically concluded that it was "persuaded by Matula's analysis and holds that monetary damages are available under the IDEA itself."  (Opin. and Order, at 24).  Thus, the magistrate judge's ruling as to Plaintiff's IDEA claim is not contrary to law.  Moreover, this Court also agrees that a jury trial is available as to Plaintiff's § 504 claims because, as Judge Hedges noted, "[t]here appear to be few differences, if any, between IDEA's affirmative duty and § 504's negative prohibition."  Matula, 67 F.3d 492-93.  In view of the foregoing, this Court cannot say that the magistrate judge's ruling that Plaintiff is entitled to a jury trial was contrary to law, and accordingly, that ruling will not be disturbed.

**CONCLUSION**

For the foregoing reasons, it is on this 9th day of May, 2005,

**ORDERED** that Magistrate Judge Hedges' July 29, 2004 Letter-Opinion and Order is hereby AFFIRMED; and it is further

**ORDERED** that State Defendants' appeal [#97] is hereby dismissed.

It is so ordered.

|   |   |
|---|---|
| DATED: May 9, 2005 | /s/ Jose L. Linares<br>UNITED STATES DISTRICT JUDGE |